(119 App. Div. 151)

### TOMA v. FOUNDATION CO. et al.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

PROCESS—VACATION—PROCEDURE.

> Plaintiff instituted two actions by separate attorneys against defendant for injuries. To the complaint in the second action defendant pleaded the pendency of the first in bar, whereupon the attorney in the second action moved therein to set aside the summons and all subsequent proceedings in the first action, which motion, after a reference, was granted, and the attorneys in the first action personally charged with the costs of the reference. *Held*, that such application was an unauthorized attempt in one action to set aside the service in another, and that the granting of the motion was error.

Appeal from Special Term.

Action by Alisantro Toma against the Foundation Company and others. From an order setting aside the summons in a similar action previously brought, Hobart S. Bird, individually and as attorney for plaintiff in such action, appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Hobart S. Bird, for appellant.
Samuel Hellinger, for respondent.

PER CURIAM. The plaintiff began two actions by separate attorneys against the Foundation Company for damages for personal injuries.

To the complaint in the second action the defendant pleaded the pendency of the first action as a bar. The attorney in the second action moved in that action to set aside the summons and all subsequent proceedings in the first action, and the motion, after a reference, was granted and the attorneys in the first action personally charged with the costs of the reference. This procedure was entirely irregular. If the plaintiff desired to call in question the authority of the attorney in the first action, he should have made the appropriate motion in that action, not in some other. To attempt in one action to set aside the service of process in another action is quite unprecedented and unauthorized, and cannot be sustained. The whole matter is nothing but a quarrel between two attorneys, and, if it were necessary to go into the merits we should find much difficulty in sustaining the conclusion at which the referee arrived as to the priority of the retainer. We prefer, however, to place our reversal of the order upon the irregularity of the whole proceeding.

Order reversed, with costs and disbursements against the respondent attorney personally, and motion denied.